IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DANIEL REEVES; HO PUN REEVES; and DANA REEVES, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CV 120-172 ) |
| BRIAN KEMP, Governor of Georgia, In his Official Capacity, | ) ) ) |
| Defendant. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiffs submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. Plaintiffs did not submit the appropriate filing fee or a request to proceed *in forma pauperis* ("IFP"). Upon opening the case, the Clerk of Court sent Plaintiffs a deficiency notice concerning the need for an IFP motion or payment of the filing fee, as is required by Local Rule 4.1. (See doc. no. 2.) The notice explained failure to correct the deficiency could result in dismissal. (See id.) Plaintiffs failed to respond to the Clerk's deficiency notice. In fact, the notice was returned to the Clerk of Court as undeliverable because the address provided by Plaintiffs was "vacant." (See Dec. 11, 2020 doc. entry.)

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v.

Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiffs' failure to submit the filing fee or a motion to proceed IFP amounts not only to a failure to prosecute and a violation of Local Rule 4.1, but also an abandonment of this case. This is precisely the type of neglect contemplated by the Local Rules. Moreover, Plaintiffs' failure to provide a valid address saddles the Court with a stagnant case in which no communication with Plaintiffs seems possible. Because Plaintiffs did not submit the filing fee, the Court finds that the imposition of monetary sanctions is not a feasible sanction.[1]

In sum, the time to respond has passed, and Plaintiffs have not submitted the required filing fee or IFP motion, and because there is no valid address on file, the Court has no way

---

[1] The Clerk of Court listed three Plaintiffs on the docket even though Daniel Reeves was the only person who signed the complaint. (Doc. no. 1, p. 7.) Even if the full filing fee had been paid or appropriate IFP motion submitted, Ho Pun Reeves and Dana Reeves would be required to sign the complaint if they intended to join Daniel Reeves as case litigants.

of communicating with them.  Therefore, the Court **REPORTS** and **RECOMMENDS** the the case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of December, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA